UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARAK ARSHAKYAM, Petitioner, v. WARDEN OF CALIFORNIA CITY DETENTION, Respondent. | No. 1:25-cv-01780-DAD-AC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 27, 32, 33) |

Petitioner is a federal immigration detainee proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

On August 28, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's first amended habeas petition (Doc. No. 32) be granted. (Doc. No. 33.) Specifically, the magistrate judge found that petitioner's 22-month long detention pursuant to 8 U.S.C. § 1225(b)(1) violated both his substantive and procedural due process rights as-applied to the circumstances of this case. (*Id.* at 7–19.) As to petitioner's substantive due process claim, the magistrate judge applied the five-factor balancing test developed in *Doe v. Beccerra*, 732 F. Supp. 3d 1071, 1080 (N.D. Cal. 2024) and found as follows:

/////

> On balance, the court finds that petitioner's detention is excessive in relation to his low flight risk, which can be mitigated through very effective ATD programs. He presents a low risk of dangerousness, as he has no criminal history. His twenty-two month long detention without final adjudication, which has been prolonged by frequent judicial reassignments, appears primarily attributable to the government. There is also no evidence justifying his continued detention in conditions similar to those of penal institutions. Accordingly, the undersigned finds that petitioner's detention has become punitive, violates substantive due process, and recommends that the petition be granted on petitioner's substantive due process claim.

(*Id.* at 14.) As to petitioner's procedural due process claim, the magistrate judge determined that petitioner's seven-month detention period between petitioner's initial bond hearing in January 2026, as ordered by this court, and the instant amended petition has become unconstitutionally prolonged and that consideration of the *Mathews v. Eldridge*, 424 U.S. 319 (1976) factors weigh in favor of, at a minimum, ordering a subsequent bond hearing. (*Id.* at 14–19.) Finally, the magistrate judge found that, in light of the substantive due process violation discussed above, the appropriate remedy here is petitioner's release with standard conditions of supervision. (*Id.* at 19–20.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within three (3) days after service. (*Id.* at 21.) On August 28, 2026, respondent filed objections to the pending findings and recommendations which are comprised of a single sentence stating that respondent objects for the same reasons presented in its prior briefing. (Doc. No. 34.) These objections do not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons stated above,

1. The findings and recommendations (Doc. No. 33) are ADOPTED IN FULL;
2. Petitioner's first amended petition for writ of habeas corpus (Doc. No. 32) is GRANTED as follows:

a. Respondent is ORDERED to immediately release petitioner Narek Arshakyam, A-File No. 249-098-348 from respondent's custody under standard conditions of supervision upon release;

3. Petitioner's motion for temporary restraining order (Doc. No. 27) is hereby DENIED as having been rendered moot by this order granting habeas relief;

4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **September 3, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE